**Jack HUBBELL, Appellant,**

v.

**Merle E. LAMBERT, Appellee.**

No. 16264.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 17, 1961.

---

Gerald E. Stockard, Denton, for appellant.

Robert Buntyn, Denton (in trial court), for appellee.

RENFRO, Justice.

Merle E. Lambert brought suit against Lee E. Newsom et ux. and Jack Hubbell, in which he alleged that Hubbell and Newsom entered into a mechanic's and materialmen's lien contract under the terms of which Hubbell was to erect and construct improvements to the value of $20,000 on a certain tract of land in Denton County, said contract being attached as Exhibit "A"; that Lambert made a subcontract with "defendants" under the terms of which he was to furnish the labor and mortar for the outside brick work. He alleged that after allowing certain credits "defendants" were indebted to him in the sum of $611.50.

Hubbell filed a plea of privilege to have the suit transferred to a county court at law of Dallas County.

In his controverting affidavit plaintiff alleged that the improvements were made on land located in Denton County; the consideration for the contract was due and payable in Denton County; and the majority of the defendants resided in Denton County, thus invoking exceptions 12, 5 and 4, Article 1995, Vernon's Ann.Tex.Civ.St.

At the hearing on the plea Lambert testified he made his trade with Newsom; he never met Hubbell until the work was under way; he learned that Hubbell was the architect on the job. He offered no evidence that either Newsom or Hubbell was indebted to him in any amount. He merely testified he made a trade with Newsom and did some masonry work on a house at Lake Dallas in Denton County.

Plaintiff did not sustain venue under exception 4 for he did not prove that he had a cause of action against a resident defendant. In fact, he did not prove that he had a cause of action against any one for he did not testify that any one owed him anything. Neither can venue be sustained under exception 5 for neither his pleading nor his proof showed an agreement in writing or otherwise for payment of any consideration by either defendant in Denton County. Plaintiff did not plead that he had a lien on the property and did not offer proof of any lien, hence could not maintain venue in Denton County under exception 12.

The burden rested upon the plaintiff to allege and prove that his case came within one of the exceptions to the general venue statute. Since he failed to meet said burden, the trial court erred in overruling defendant's plea of privilege.

The order of the trial court is reversed and the cause hereby ordered transferred to a county court at law in Dallas County. Texas.